## M. C. Jennings v. William C. Heinroth.
## Same v. John A. Bartine.

1. VENUE—*Petition for Change of, Should be Verified.*—A petition for a change of venue which is not verified by the affidavit of the petitioner may properly be disregarded.

2. JURORS—*Questions as to Competency of, Should be Raised in the*

*Trial Court.*—That the same jurors were allowed to pass on both of the cases decided in this opinion is held to be immaterial, as no objection to such a course, or to any juror was made.

3.  SAME—*Errors in Spelling the Names of, Immaterial.*—The fact that the clerk of a court spelled the names of jurors differently from the way such jurors thought was the proper mode does not establish that the persons actually signing the verdict were not those who were sworn to, and did try the case.

**Trespass on the Case,** for a malicious prosecution. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

M. C. JENNINGS, appellant, *pro se.*

No appearance for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Each of these suits was an action for malicious prosecution, the *ad damnum* in each being $10,000.

It is said that a petition for a change of venue was filed in each, upon which no order was made.

As neither petition was verified, each was properly disregarded.

A trial was had in each, in the absence of the defendant, appellant.

As nothing was presented to the court below showing why a trial should not be had, the court properly proceeded in the absence of appellant.

Each cause was at issue, replications having been filed to the pleas of appellant.

Each bill of exceptions shows that evidence was heard at the trial, and each contains an excuse by appellant (inability to obtain the shorthand notes) for not inserting the same in the bill.

The instruction given in each case was in accordance with the law.

That the same jurors who had rendered a verdict in the case of Bartine v. Jennings were sworn to and did try and

render a verdict in the cause of Heinroth v. Jennings is immaterial. No objection to such trial or to any juror was made.

It does not appear, as is urged, that the jurors sworn were not those who rendered the verdicts. The fact that the clerk spelled the names of three jurors differently from what such jurors thought was the proper mode, does not establish that the persons actually signing the verdict were not those actually sworn and trying.

As a verdict and judgment of but $100 was rendered in each case, the appellant, defendant in *ex parte* trials of malicious prosecution cases, appears to have had a fortunate escape.

Each judgment of the Circuit Court is affirmed.